UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT POWELL | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. |
| | : | |
| JILL JONES-SODERMAN and | : | |
| FOUNDATION FOR THE CHILD | : | |
| VICTIMS OF THE FAMILY COURTS | : | OCTOBER 3, 2016 |

**C O M P L A I N T**

     1. This is an action for brought by a citizen and resident of the State of against two citizens and residents of the State of New York. The amount in dispute, exclusive of interest and costs, is greater than seventy-five thousand dollars ($75,000).

     2. Jurisdiction of this court is invoked under the provisions of Title 28, Section 1332, of the United States Code.

     3. The plaintiff is an adult citizen of the United States who resides in New Canaan, Connecticut.

     4. The defendant Jill Jones-Soderman is a citizen of the State of New York. She holds herself out to be a social worker and claims on her website that she is "a successful private practitioner of mediation, psychotherapy and

1

psychoanalysis," but her license to practice her profession has been suspended by the State of New York.  She is the founder and director of the defendant Foundation for the Child Victims of the Family Courts, a Section 501c3 organization registered in the State of New York.  Although it claims to be nonprofit, it charges retainer fees to "clients" it purports to represent.

      5.  At all times herein mentioned, the defendant Jill Jones-Soderman acted within the scope of her duties as the agent, servant and employee of the defendant Foundation for the Child Victims of the Family Courts and for its economic benefit.

      6.  Beginning on or about April 25, 2016, and continuing without interruption to the present, the defendants have placed on their public website and thereby published throughout the world false and malicious accusations against the plaintiff including but not limited to the following:

        A.     That living with the plaintiff is "a death sentence" for the plaintiff's children;

        B.     That the plaintiff is a "vicious abuser" of his children;

        C.     That the plaintiff is an "accused child abuser;"

        D.     That the plaintiff's good reputation in his community is "based on the reluctance of those too fearful to take on the rage and intimidation to report him for crimes for which he

should have been reported;"

E. That the plaintiff, on an ongoing basis, "hits the buttocks of his younger daughter," and is "grabbing/patting [her] buttocks" and the breasts of his older daughter;

F. That evidence of sexual assaults being committed by the plaintiff upon his minor daughters "are now on camera...";

G. That the plaintiff is "an accused child sexual abuser [who has been elevated] to the position of teacher in a program alerting parents to sexual abuse in the camp program, where he has been a long time camp Director at Woodway Country Club, in Darien, Connecticut. This camp Director has an institutional history, though undisclosed, of inappropriate behavior with teenage girls and children. He no longer works as a teacher, but rather as a carpenter in his own business";

H. That the plaintiff has "threatened and intimidated" his daughters;

I. That the plaintiff is comparable to other prominent child abusers and that "the accused abuser, Scott Powell will not be allowed to languish under the veil of secrecy. He has

        forcibly, through threats, intimidation...been able to hide in plain sight. We expect that Scott Powell's reign of terror over his children...will not be allowed to prevail...";

    J.    That one of the plaintiff's minor daughters (whose name the defendants publish on their website) "was the major target of Scott Powell's aggressive abuse" while the other minor daughter (whose name the defendants also publish on their website) "was the target of Scott Powell's most aggressive sexual incursions."

7. As a result, the plaintiff has suffered severe emotional distress.

8. The conduct of the defendants described above is extreme and outrageous and has been carried out intentionally and maliciously and with full knowledge that it would cause the plaintiff, like any person of ordinary sensibility under the circumstances, to suffer emotional distress.

9. The aforesaid statements constitute defamation per se.

10. The aforesaid statements constitute an invasion of privacy.

11. The aforesaid conduct of the defendants constitutes the intentional infliction of emotional distress.

12. The aforesaid conduct of the defendants constitutes the negligent infliction of emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages and costs.

**<u>The plaintiff claims trial by jury.</u>**

          THE PLAINTIFF

BY:      /s/    (ct00215)
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203.562.9931
        Fax: 203.776.9494
        jrw@johnrwilliams.com
        His Attorney