UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
:
SCOTT POWELL                  :
        Plaintiff,            :
                              :
v.                            :    Civil No. 3:16CV1653(AWT)
                              :
JILL JONES-SODERMAN and the   :
FOUNDATION FOR THE CHILD      :
VICTIMS OF THE FAMILY COURTS, :
        Defendants.           :
                              :
------------------------------x

## ORDER RE MOTION TO QUASH PROOF OF SERVICE

For the reasons set forth below, the defendants' motion to quash proof of service (Doc. No. 11) is hereby GRANTED in part and DENIED in part. The motion is being granted as to defendant Foundation for the Child Victims of the Family Courts and denied as to defendant Jill Jones-Soderman.

Under Federal Rule of Civil Procedure 4(e), which governs serving an individual within a judicial district of the United States, an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". Fed. R. Civ. P. 4(e)(1). As explained in the Advisory Committee Notes with respect to the 1993 Amendment:

> Paragraph (1) authorizes service in any judicial district in conformity with state law. This paragraph sets forth the language of former subdivision (c)(2)(C)(i), which authorized the use of the law of the state in which the district court sits, but adds as an alternative the use of the law of the state in which the service is effected.

Fed. R. Civ. P. 4, Advisory Comm. Notes, 1993 Amendment, subdiv.(e).

Rule 4(h), which governs serving a corporation, partnership, or association provides that service must be made "in a judicial district of the United States . . . in the manner prescribed by Rule 4(e)(1) for serving an individual". Fed. R. Civ. P. 4(h)(1)(A).

Connecticut General Statutes §52-59b governs jurisdiction of courts over nonresident individuals, foreign partnerships and foreign voluntary associations. The record shows that the plaintiff has complied with the requirements of subsection (c) for service of process upon Jill Jones-Soderman, who is a nonresident individual.

However, although the plaintiff states in his opposition that service was made in accordance with Section 52-59b with respect to both defendants, the return of service with respect to Foundation for the Child Victims of the Family Courts states that service was made on the Connecticut Secretary of State pursuant to Connecticut General Statutes § 33-929, not § 52-59b.

To the extent that § 33-929 addresses service of process on foreign corporations, it governs service on foreign corporations authorized to transact business in the state [see subsections (a), (b), (c) and (d)] and other foreign corporations subject to suit in this state pursuant to § 33-929(e) and (f) [see subsection (g)]. The Complaint does not allege conduct that would make the foundation subject to suit under § 33-929.

It is so ordered.

Dated this 24th day of August 2017, at Hartford, Connecticut.

                                        /s/AWT
                            Alvin W. Thompson
                    United States District Judge