UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT POWELL,
    Plaintiff,

v.

JILL JONES-SODERMAN
    Defendant.

No. 3:16-CV-1653 (MPS)

**RULING ON THE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Scott Powell filed this action against Defendant Jill Jones-Soderman alleging that Jones-Soderman posted statements on a public website falsely accusing him of physically and sexually abusing his children. He brings claims for defamation per se, invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress. Discovery closed on August 31, 2018. When neither party filed a motion for summary judgment by the deadline of October 1, 2018, I posted a notice reiterating the deadline for the parties' Joint Trial Memorandum. Two weeks later, Jones-Soderman filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 39.) She argues that Powell has failed to state a claim on which relief can be granted. For the reasons set forth below, the motion is DENIED.

    **I.**    **Legal Standard**

"In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999). As under Rule 12(b)(6), the Court must determine whether the Plaintiff

1

has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to survive the motion, "[a]fter the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Factual Allegations

The following facts are taken from Powell's complaint (ECF No. 1) and are treated as true for the purposes of the motion for judgment on the pleadings.

Defendant Jill Jones-Soderman is the founder and director of the Foundation for the Child Victims of the Family Courts. (Complaint, ECF No. 1 ¶ 4.) She was formerly a licensed clinical social worker, but her license has been suspended by the State of New York. (*Id.*) On April 25, 2016, Jones-Soderman published several "false and malicious" accusations against Powell on the Foundation's website. The complaint identifies ten allegedly false accusations:

A. That living with the plaintiff is "a death sentence" for the plaintiff's children;
B. That the plaintiff is a "vicious abuser" of his children;
C. That the plaintiff is an "accused child abuser";
D. That the plaintiff's good reputation in his community is "based on the reluctance of those too fearful to take on the rage and intimidation to report him for crimes for which he should have been reported";
E. That the plaintiff, on an ongoing basis, "hits the buttocks of his younger daughter," and is "grabbing/patting [her] buttocks" and the breasts of his older daughter;
F. That evidence of sexual assaults being committed by the plaintiff upon his minor daughters "are now on camera . . . .";
G. That the plaintiff is "an accused child sexual abuser [who has been elevated] to the position of teacher in a program alerting parents to sexual abuse in the camp program, where he has been a long time camp Director at Woodway Country Club, in Darien, Connecticut. This camp Director has an institutional history, though undisclosed, of inappropriate behavior with teenage girls and children. He no longer works as a teacher, but rather as a carpenter in his own Business";

2

  H. That the plaintiff has "threatened and intimidated" his daughters;
  I. That the plaintiff is comparable to other prominent child abusers and that "the accused abuser, Scott Powell will not be allowed to languish under the veil of secrecy. He has forcibly, through threats, intimidation . . . been able to hide in plain sight. We expect that Scott Powell's reign of terror over his children . . . will not be allowed to prevail . . .";
  J. That one of the plaintiff's minor daughters (whose name the defendants publish on their website) "was the major target of Scott Powell's aggressive abuse" while the other minor daughter (whose name the defendants also publish on their website) "was the target of Scott Powell's most aggressive sexual incursions."

(*Id.* ¶ 6.) Powell asserts that he suffered "severe emotional distress" as a result of these accusations, and that Jones-Soderman published them "with full knowledge that it would cause the plaintiff, like any person of ordinary sensibility under the circumstances, to suffer emotional distress." (*Id.* ¶ 7–8.)

  **III. Discussion**[1]

   **A. Defamation *Per Se***

  Jones-Soderman argues that she is entitled to judgment on the pleadings with respect to Powell's defamation claim because Powell has not alleged that he suffered a reputational injury. I disagree. In Connecticut, "to establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement."

---

[1] Jones-Soderman is a *pro se* litigant, and courts ordinarily afford "special solicitude" to *pro se* litigants. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("There are many cases in which we have said that a pro se litigant is entitled to special solicitude . . . .") (quotation marks omitted). Nonetheless, Jones-Soderman represents that she hired an attorney to draft her motion for judgment on the pleadings. (Motion for Leave to File Dispositive Motion, ECF No. 38 at 2 ("In April 2018, Defendant had commissioned outside counsel to draft a motion for judgment on the pleadings to be filed in this action . . . . Outside counsel completed the subject motion and transmitted it to Defendant by email on or about April 30, 2018.")). As a result, I will treat the motion as if it was filed by an attorney.

*Gleason v. Smolinski*, 319 Conn. 394, 430 (2015). In this case, however, Powell alleges defamation *per se*. (ECF No. 1 ¶ 9.) An allegedly-defamatory statement is actionable per se if it accuses the plaintiff of a crime punishable by imprisonment. *Gleason*, 319 Conn. at 430 n.31. "In the case of a statement that is defamatory per se, injury to a plaintiff's reputation is conclusively presumed such that a plaintiff need neither plead nor prove it." *Id.* Here, the defamatory statements plainly accuse Powell of criminal conduct punishable by imprisonment. For example, Jones-Soderman stated that Powell physically and sexually abused his daughters. (*See, e.g.*, ECF No. 1 ¶ 6(F) ("That evidence of sexual assaults being committed by the plaintiff upon his minor daughters 'are now on camera . . . .'")); *see also* Conn. Gen. Stat. § 53a-72a (compelling an individual under the age of 16 years to submit to sexual contact by force is a felony punishable by up to 10 years imprisonment). Indeed, Jones-Soderman's website explicitly claimed that Powell committed "crimes for which he should have been reported." (*Id.* ¶ 6(D)). The complaint therefore states a claim for defamation per se.[2]

### B. Invasion of Privacy

Jones-Soderman next argues that the complaint fails to state a claim for invasion of privacy because Connecticut recognizes four theories of invasion of privacy and Powell has not

---

[2] Heightened requirements apply when the plaintiff is a public figure or the allegedly-defamatory statement relates to a matter of public concern. *See Gleason*, 319 Conn. at 432. Jones-Soderman does not claim that Powell is a public figure. In her answer, she asserts the affirmative defense of "fair comment." (Answer, ECF No. 25 at 3.) "The privilege of fair comment is a common law qualified privilege arising out of an occasion to express an opinion or otherwise comment on matters of public interest." *Miles v. Perry*, 11 Conn. App. 584, 595 (1987). Jones-Soderman's motion does not invoke this defense, but even assuming the privilege applies in this case, the question of whether Jones-Soderman nevertheless abused the privilege is an issue of fact that is not amenable to determination based on the pleadings alone. *See Goodrich v. Waterbury Republican-American, Inc.*, 188 Conn. 107, 119–20 (1982) ("We conclude that the privilege applied here since the articles involved a matter of public interest. . . . Whether this privilege was abused, however, is an issue of fact.").

4

identified which of those theories he intends to pursue. Under the Federal Rules of Civil Procedure, "[e]ach allegation [in the complaint] must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8. If a party believes that a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," the Federal Rules allow the party to file a motion for a more definite statement. *See* Fed. R. Civ. P. 12(e). Jones-Soderman filed no such motion, but answered Powell's complaint and denied his invasion of privacy claim without qualification. (*See* Answer, ECF No. 25 ¶ 9.) Powell has indicated in responding to the motion for judgment on the pleadings that he alleges a "false light" invasion of privacy. Jones-Soderman does not contend that the facts alleged in the complaint are insufficient to support that claim.[3] Even if I concluded that Powell's failure to state the particular legal theory underlying his claim warranted dismissal of that claim, I would likely also be required to allow him an opportunity to amend his complaint to include additional detail. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.") Here, though, dismissal is not warranted. Jones-Soderman filed her responsive pleading in November of 2017, and the parties completed discovery over the next year and four months. It is far too late now for her to claim that she lacks adequate notice of Powell's legal theories.

### C. Intentional Infliction of Emotional Distress

Jones-Soderman next asserts that Powell's claim for intentional infliction of emotional distress fails because the conduct alleged in the complaint is not "extreme and outrageous" as a

---

[3] The Connecticut Supreme Court has recognized the rule from the Second Restatement of Torts that "a false light invasion of privacy occurs if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Goodrich*, 188 Conn. at 131 (internal quotation marks omitted).

matter of law. I disagree. To establish a claim for intentional inflict of emotional distress, a plaintiff must allege

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

*Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210, 757 A.2d 1059, 1062 (2000). Conduct is "extreme or outrageous" if it "exceed[s] all bounds usually tolerated by decent society and [is] of a nature which is especially calculated to cause and does cause mental distress of a very serious kind." *Grisanti v. Cioffi*, 38 F. App'x 653, 657 (2d Cir. 2002). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!" *Perez-Dickson v. City of Bridgeport*, 304 Conn. 483, 527 (2012). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." *Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210 (2000).

Viewing the complaint in the light most favorable to Powell, I find that Jones-Soderman's alleged conduct is sufficiently extreme and outrageous to support a claim for intentional inflict of emotional distress. As alleged in the complaint, her statements accused Powell of physically and sexually abusing his children, engaging in "inappropriate behavior with teenage girls and children" while a camp director, and committing other unspecified crimes while using intimidation to avoid being reported. (ECF No. 1 ¶ 6.) A reasonable factfinder could also infer that her allegations were intended to cause Powell to lose custody of his children. (*See id.* ¶¶ 5–6 (describing Jones-Soderman as an employee of the Foundation for the Child Victims

6

of the Family Courts and alleging that she posted the false statements on that organization's website); *id.* ¶ 6(*I*) ("We expect that Scott Powell's reign of terror over his children . . . will not be allowed to prevail . . . .").) In short, if a reader believed the material Jones-Soderman posted about Powell, he or she could only conclude that Powell was a violent criminal who should be separated from his children and incarcerated. Making such accusations publicly without evidence to support their truth is sufficiently "extreme and outrageous" to support a claim for intentional infliction of emotional distress.

### D. Negligent Infliction of Emotional Distress

Lastly, Jones-Soderman argues that Powell has failed to state a claim for negligent infliction of emotional distress because he has not specifically alleged that Jones-Soderman should have known that her conduct would cause the kind of emotional distress that could lead to illness or bodily harm. To show negligent infliction of emotion distress under Connecticut law, Powell must prove "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2003). "The foreseeability requirement in a negligent infliction of emotional distress claim is more specific than the standard negligence requirement that an actor should have foreseen that his tortious conduct was likely to cause harm." *Stancuna v. Schaffer*, 122 Conn. App. 484, 490 (2010). "In order to state a claim for negligent infliction of emotional distress, the plaintiff must plead that the actor should have foreseen that her behavior would likely cause harm of a specific nature, i.e., emotional distress likely to lead to illness or bodily harm." *Id*.

7

In this case, Powell alleges that Jones-Soderman's conduct caused him "severe emotional distress." (ECF No. 1 ¶ 7.) Jones-Soderman contends that Powell's claim fails because it does not include talismanic language about her awareness of the likelihood of "illness or bodily harm." But courts in Connecticut have not required such formalistic incantations at the pleading stage. Rather, courts consider whether the factual allegations are sufficient to allow a reasonable juror to conclude that the defendants "should have foreseen that their conduct was likely to cause emotional distress severe enough that it might result in illness or bodily harm." *Wade v. Kay Jewelers, Inc*., No. 3:17-CV-990-MPS, 2018 WL 4440532, at *10 (D. Conn. Sept. 17, 2018); *see also Doe v. Hotchkiss Sch*., No. 3:15-CV-160-VAB, 2019 WL 1099027, at *13 (D. Conn. Mar. 8, 2019) (denying summary judgment on a claim for negligent infliction of emotional distress because the plaintiff had adduced evidence from which a reasonable juror could conclude that the severity of plaintiff's emotional distress was reasonably foreseeable to the defendant). As noted above, a reasonable juror could conclude from the content of the allegations posted on the website that Jones-Soderman intended to cause Powell to be permanently separated from his children and incarcerated. The complaint alleges that Jones-Soderman used the names of both of Powell's minor children in connection with her accusations. Taking these allegations as true and drawing all reasonable inferences in Powell's favor, I find that the complaint adequately pleads that it was reasonably foreseeable to Jones-Soderman that her accusations could cause Powell severe emotional distress that would potentially cause illness or other bodily harm.

**IV.      Conclusion**

For the foregoing reasons, Powell has alleged facts sufficient to plead his claims of defamation per se, invasion of privacy, intentional infliction of emotional distress, and negligent

infliction of emotional distress. Jones-Soderman's motion for judgment on the pleadings, (ECF No. 39), is therefore DENIED.

    IT IS SO ORDERED.

                                                          /s/
                                        Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
               April 15, 2019